IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

|  |  |  |
|---|---|---|
| JOHN CROMER, JR., | ) | 1:25-CV-00105-SPB-RAL |
|  | ) |  |
| Plaintiff | ) | SUSAN PARADISE BAXTER |
|  | ) | United States District Judge |
| v. | ) |  |
|  | ) | RICHARD A. LANZILLO |
| C.O. YOUNG, | ) | Chief United States Magistrate Judge |
|  | ) |  |
| Defendant | ) | REPORT AND RECOMMENDATION |
|  | ) |  |
|  | ) |  |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) based upon Plaintiff's failure to prosecute his case.

II.    Report

A. Background

Plaintiff John Cromer, Jr., an inmate incarcerated at SCI-Forest, initiated this civil rights action on April 18, 2025, by filing a proposed complaint and a motion for leave to proceed in forma pauperis. ECF Nos. 1, 2. The Court granted Plaintiff's IFP motion on February 20, 2026. ECF No. 12. In the accompanying complaint, Plaintiff accuses several corrections officers and other staff members at SCI Forest of

1

harassment, discrimination, and disrespect.  ECF No. 1.  By way of relief, Plaintiff sought compensatory damages in the amount of $60,000.  *Id.*

On November 24, 2025, the Court conducted an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915 and determined that it was subject to dismissal because he had failed to supply a factual narrative in support of his claim. ECF No. 9.  As noted in that Order, Plaintiff's only factual allegation of any sort was that he was "constantly being harassed, discriminated, disrespect[ed]" by various staff members in an unidentified manner.  *Id.*  Rather than recommend dismissal at that time, the Court offered Plaintiff an opportunity to amend his complaint to supply additional factual detail.  *Id.*  Plaintiff failed to respond.

Based on Plaintiff's non-compliance, the Court issued an order on January 9, 2026, requiring Plaintiff to show cause on or before January 30, 2026, for his failure to file an amended pleading.  ECF No. 10.  The Court cautioned that a failure to comply with the order would result in a recommendation that this matter be dismissed for failure to prosecute.  *Id.*  Despite this warning, Plaintiff has not responded.

To date, Plaintiff's last substantive action in this case consisted of filing "proposed show cause order for preliminary injunction" on August 11, 2025.[1]  ECF No. 8. None of the Court's orders since that date have prompted a response.  Whether Plaintiff's claims have been intentionally abandoned or simply neglected, a final order dismissing this action with prejudice is warranted.

---

[1] Plaintiff also filed a change of address indicating that he had been transferred to SCI Dallas.  ECF No. 11.

B. Federal Rule of Civil Procedure 41(b) Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute or comply with a court order, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *Woods v. Malinowski*, 2018 WL 3999660, at *1 (W.D. Pa. July 18, 2018), *report and recommendation adopted as modified*, 2018 WL 3997344 (W.D. Pa. Aug. 21, 2018)). A court's authority to dismiss extends past granting a motion by the defendant. In fact, "[u]nder Rule 41(b), a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, 642 Fed. Appx. 100, 102 (3d Cir. 2016) (per curium) (citing Fed. R. Civ. P. 41(b)); *see also Adams v. Trustees of New Jersey Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) (recognizing that a court can dismiss a case *sua sponte* under Rule 41(b)). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in the courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Qadr*, 642 Fed. Appx. at 102.

Decisions regarding dismissal of actions for failure to prosecute or comply with a court order rest in the sound discretion of the Court and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002)

(citations omitted). That discretion, while broad, is governed by the following factors, commonly referred to as *Poulis* factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). "In balancing the *Poulis* factors, [courts] do not [employ] a ... 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). Consistent with this view, it is well-settled that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Id.* (internal citations and quotations omitted).

### C. Analysis

The Court begins by noting that, in general, it is "required to consider and balance [the six *Poulis* factors] when deciding, *sua sponte*, to use dismissal as a sanction." *Azubuko v. Bell Nat. Org.*, 243 Fed. Appx. 728, 729 (3d Cir. 2007). However, "[w]hen a litigant's conduct makes adjudication of the case impossible . . . such balancing under *Poulis* is unnecessary." *Id.* Although Plaintiff's conduct in this

case falls into this category, the Court will, nevertheless, analyze the *Poulis* factors to determine whether dismissal is warranted.

Turning to the first *Poulis* factor, the Court must consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. *See Adams*, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). Because Plaintiff is proceeding pro se, he is solely responsible for his own conduct, including his failure to respond to multiple orders from the Court. *See, e.g., Smith v. Pennsylvania Dep't of Corr.*, 2012 WL 4926808, at *2 (W.D. Pa. Oct. 16, 2012) (noting that a pro se plaintiff is personally responsible for the progress of his case and compliance with court orders). This factor weighs heavily in favor of dismissal.

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," *Adams*, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).

For purposes of the *Poulis* analysis, however, prejudice does not equate to irremediable harm. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Rather, "[t]he burden imposed by impeding a party's ability to prepare effectively a

full and complete trial strategy is sufficiently prejudicial." *Id.*   Here, Plaintiff's "failure to communicate with the Court and continued inaction frustrates and delays resolution of this action" by preventing Defendants from receiving notice of the lawsuit and a timely adjudication of his claims. *See Mack v. United States*, 2019 WL 1302626, at *1 (M.D. Pa. Mar. 21, 2019) ("[F]ailure to communicate clearly prejudices the Defendants who seek a timely resolution of the case."). Accordingly, this factor also weighs in favor of dismissal.

The third *Poulis* factor requires the Court to consider whether Plaintiff has exhibited a history of dilatoriness over the life of this case. *Adams*, 29 F.3d at 875 ("[A] party's problematic acts must be evaluated in light of its behavior over the life of the case."). While "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" *Briscoe*, 538 F.3d at 261, "[e]xtensive or repeated delay or delinquency" – such as "consistent non-response to interrogatories, or consistent tardiness in complying with court orders" – is sufficient to meet the *Poulis* standard. *Adams*, 29 F.3d at 874. The Court notes that, although Plaintiff has disregarded several court orders, he does not have a history of dilatoriness over the life of this case. As such, the third factor weighs against dismissal. *Id.* at 875.

The fourth *Poulis* factor requires the Court to consider whether Plaintiff's conduct was willful or in bad faith. In this context, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. Plaintiff's failure to comply with Court orders and the rules of civil procedure "demonstrate[s] a willful disregard for procedural rules and court directives." *Doss v. United States*, 2024 WL 759058, at *2

(W.D. Pa. Jan. 22, 2024), *report and recommendation adopted*, 2024 WL 757090 (W.D. Pa. Feb. 20, 2024). There is nothing on the docket to suggest that Plaintiff is not receiving the Court's orders, nor has he offered any explanation for his failure to respond. Further, the Court's show cause order warned Plaintiff that failure to comply might lead to his Complaint being dismissed. *See* ECF No. 8. Based on this, the Court infers that Plaintiff's failure to respond was a deliberate choice, tilting the fourth factor in favor of dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of alternate sanctions. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis*, 747 F.2d at 868. In general, however, "sanctions less than dismissal [are] ineffective when a litigant, such as [Plaintiff], is proceeding pro se." *Lopez v. Cousins*, 435 Fed. Appx. 113, 116 (3d Cir. 2011). *See also Brennan v. Clouse*, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002)). Moreover, because Plaintiff has indicated that he does not have the funds to litigate this action, his status "severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion." *Carr v. Zahuronic*, 2022 WL 12073522, at *2 (W.D. Pa. Oct. 20, 2022). Absent the ability to craft an effective monetary sanction, and given Plaintiff's failure to respond to the Court's prior orders, the Court concludes that the fifth factor weighs in favor of dismissal.

The sixth and final *Poulis* factor requires the Court to consider the potential merits of Plaintiff's claim. A claim is deemed "meritorious" for the purposes of the *Poulis* analysis "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 869-70. To evaluate this factor, the court uses the same standard for a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. *Briscoe*, 538 F.3d at 263.

In this case, Plaintiff asserts a single § 1983 claim based on unidentified harassment, discrimination, and disrespect. Due to the complete absence of supporting factual allegations, the Court has no basis to determine whether this claim has any potential merit. *Dorsey v. Marsh*, 2023 WL 8259259, at *2 (M.D. Pa. Nov. 29, 2023). Thus, the Court "cannot say as a matter of law whether [Plaintiff's] complaint has merit." *Id.* However, even if the Court concluded that some portion of Plaintiff's pleading presented a viable cause of action, this factor cannot save Plaintiff's claims in the face of his non-compliance with the Court's instructions. *See Stephens*, 2024 WL 1501801, at *3 ("[Plaintiff] cannot refuse to comply with court orders which are necessary to allow resolution of the merits of [his] claims, and then assert the untested merits of these claims as grounds for declining to dismiss the case."). Accordingly, the Court finds this factor weighs in favor of dismissal.

As the Court noted at the outset, "no single *Poulis* factor is dispositive," and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Briscoe*, 538 F.3d at 263 (quoting *Mindek*, 964 F.2d at 1373). Nevertheless, the Court concludes that five of the six *Poulis* factors heavily support dismissal, with one factor

weighing against. Upon balancing those factors as they apply to this case, the Court finds those factors weigh in favor of dismissal of this action for lack of prosecution. Accordingly, it is recommended that this case be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and that the Clerk be directed to mark this case "closed."

III.    Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen days. Any party opposing the objections shall have fourteen days to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

Dated this 27th day of March, 2026.

SUBMITTED BY:

RICHARD A. LANZILLO
Chief United States Magistrate Judge

9